1  DENNIS M. GRADY, ESQ.  Bar No. 118461
   GRADY AND ASSOCIATES
2  3517 Camino Del Rio South, Suite 400
   San Diego, California  92108
3  Telephone:  (619) 528-2530
   Email: gradyfedonly@msn.com
4

5  Attorneys for Plaintiff/Relator
   Erin Hayes Lupo
6

7

8                  UNITED STATES DISTRICT COURT

9       SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION

10

11  UNITED STATES OF AMERICA          ) Case No. 16CV0737JC(JMA)
    *EX REL*. ERIN HAYES LUPO         )
12                                    ) FILED *IN CAMERA* AND UNDER SEAL
            PLAINTIFF,                )
13                                    ) FIRST AMENDED COMPLAINT FOR FALSE
    v.                                ) CLAIMS ACT MEDICAID, MEDICAL,
14                                    ) MEDICARE, AND TRI-CARE FRAUD;
    QUALITY ASSURANCE SERVICES, INC.,) CIVIL VIOLATIONS OF CALIFORNIA
15  an entity; GLENN RUSSELL DEACON   ) LABOR CODE §§ 1102.5 and 232.5; A
    II, an individual; GLENN RUSSELL  ) CALIFORNIA TORT CAUSE OF ACTION FOR
16  DEACON, an individual; SUSAN      ) WRONGFUL TERMINATION IN VIOLATION
    DEACON, an individual; and SHELLY) OF PUBLIC POLICY
17  BECKER, an individual,            )
                                      )
18          DEFENDANTS                ) JURY TRIAL DEMANDED
                                      )
19  _____    )

20

21     **PLAINTIFF'S COMPLAINT PURSUANT TO 31 U.S.C §§3729-3732**

22           **OF THE FEDRAL FALSE CLAIMS ACT**

23     The United States of America, by and through qui tam relator Erin

24  Hayes Lupo ("Relator"), brings this action under 31 U.S.C §3729, et

25  seq., as amended ("False Claims Act") to recover all damages,

26  penalties and other remedies established by the False Claims Act on

27  behalf of the United States.

28  ///

## PRELIMINARY STATEMENT

1.  This is an action brought by Plaintiff to recover damages and civil penalties on behalf of the United States of America arising from false statements and claims made and presented by the defendants and/or their agents, employees and co-conspirators in violation of the False Claims Act.

2.  The False Claims Act provides that any person who knowingly submits or causes to be submitted a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $10,000.00 for each such claim submitted or paid, plus three times the amount of the damages sustained by the Government.  The False Claims Act allows any person having information regarding a false or fraudulent claim against the Government to bring an action for himself/herself (the "Relator") and for the Government and to share in any recovery.

3.  Based on those provisions, PLAINTIFF/RELATOR seeks to recover damages and civil penalties arising from DEFENDANTS' presentation of false records, claims, and statements to the United States Government and its agents in connection with DEFENDANTS' falsification of medical device inspection records.

4.  A copy of this complaint is being enclosed with "Relator's Statement", which is being served on the Laura E. Duffy, United States Attorney for the Southern District of California, and Loretta E. Lynch, United States Attorney General.

5.  Erin Hayes Lupo ("PLAINTIFF" or "RELATOR"), is a resident of Chula Vista, California, and is a former employee of Quality Assurance Services, Inc. ("QAS") , located in Chula Vista, CA. RELATOR brings this action for violations of 31 U.S.C §§3729 et.

2

1  seq. on behalf of herself and the United States Government pursuant

2  to 31 U.S.C. §3730(b)(1).  RELATOR has personal knowledge of the

3  false records, statements, and/or claims presented to the Government

4  by and for the defendants named herein and of defendants'

5  falsification of medical device inspection records, and is therefore

6  an "original source" as to required under the False Claims Act.

7      6.  Defendant QAS is a California Corporation which contracts to

8  provide inspection and testing of medical equipment for hospitals

9  and medical care providers.

10      7.  Defendant GLENN RUSSELL DEACON II, is a resident of Chula

11  Vista, CA, and is a medical physicist and an owner if QAS.  He has

12  intimate knowledge of the false records, statements, and/or claims

13  presented to the Government and/or Government agents by and for the

14  defendants named herein.

15      8.  Defendant GLENN RUSSELL DEACON, is a resident of Chula

16  Vista, CA, and is one of the owners of QAS.  He has intimate

17  knowledge of the false records, statements, and/or claims presented

18  to the Government and/or Government agents by and for the defendants

19  named herein.

20      9.  Defendant SUSAN DEACON, is a resident of Chula Vista, CA,

21  and is the President and one of the owners of QAS.  She has intimate

22  knowledge of the false records, statements, and/or claims presented

23  to the Government and/or Government agents by and for the defendants

24  named herein.

25      10.  Defendant SHELLY BECKER, is a resident of Chula Vista, CA,

26  and is the President and one of the owners of QAS.  She has intimate

27  knowledge of the false records, statements, and/or claims presented

28  to the Government and/or Government agents by and for the defendants

3

1   named herein.

2       11.   DEFENDANTS GLENN RUSSELL DEACON II, GLENN RUSSELL DEACON,

3   SUSAN DEACON, and SHELLY BECKER, are jointly and separately the

4   alter egos of DEFENDANT QAS by their complete exercise of dominion

5   and control,  which constitutes a single employer and, at all

6   relevant times, have used and continue to use QAS and its operating

7   subsidiaries and the assets of these entities for their own

8   purposes.

9       12.   This Court has jurisdiction over the subject matter of this

10  action pursuant to 28 U.S.C. §1331 and 31 U.S.C. §3732, which

11  specifically confers jurisdiction on this Court for actions brought

12  pursuant to 31 U.S.C. §§3729 and 3730.

13      13.   RELATOR is informed and believes, and thereon alleges, that

14  each of the Defendants herein was at all relevant times the agent,

15  employee or representative of the remaining defendants and was

16  acting at least in part within the scope of such relationship.

17      14.   This Court has personal jurisdiction over the defendants

18  pursuant to 31 U.S.C. § 3732(a), which provides that "[a]ny action

19  under section 3730 may be brought in any judicial district in which

20  the defendant, or in the case of multiple defendants, any one

21  defendant can be found, resides, transacts business or in which any

22  act proscribed by section 3729 occurred."  Section 3732(a) of the

23  False Claims Act also authorizes nationwide service of process.

24  Defendant QAS, during the relevant period resided in, and/or

25  transacted business in the Southern District of California.

26      15.   Venue is proper in this district pursuant to 31 U.S.C. §

27  3732(a) because defendant QAS can be found in, reside in, and/or

28  transact business in the Southern District of California and because

FIRST AMENDED COMPLAINT

1   some of the violations of 31 U.S.C. § 3729 described herein occurred

2   within this judicial district.

3       16.   Pursuant to 31 U.S.C. §3731(b)(1)(2), this False Claims Act

4   Complaint is hereby initiated within the applicable Statute of

5   Limitations.

6       17.   Defendant QAS is a corporation that contracts to provide

7   inspection and testing of medical equipment for hospitals and

8   medical care providers.  In turn, those hospitals and medical care

9   providers use the medical equipment that has been inspected and

10  tested by QAS to diagnose and treat patients.  Hospitals and other

11  medical care providers are paid for those services performed on

12  patients through Medicare, Medicaid, MediCal, and Tri-Care, all

13  funded by the federal and/or California State government.  Thus, QAS

14  is paid with funds received by presenting claims to the Government

15  through Medicare, Medicaid, MediCal, and Tri-Care.

16      18.   In addition, QAS contracts directly with the California

17  State Government to test dental x-ray machines and mamography

18  machines located in California State Prisons and California State

19  Hospitals.  QAS has tested machines and generated reports for

20  California Institution for Men, California Institution for Women,

21  Valley State Prison, Richard J. Donovan Correctional Facility,

22  Atascadero State Hospital, Coalinga State Hospital, and others.

23      19. California State and federal regulations mandate the

24  inspection and testing of certain medical equipment, such as

25  mamography machines, x-ray machines, and floroscopy machines, on a

26  regular basis, to ensure compliance with regulatory standards.

27  Inspection and testing are performed by medical physicists.  To

28  inspect and test the equipment, the medical physicist performs a

**FIRST AMENDED COMPLAINT**

visual inspection of the equipment and then attaches a "Keithly Device", which tests and records numerous variables, such as radiation output.  The information recorded on the Keithly Device is then inputted into a computer software program, which is outputted to a report.  The report displays the recorded information, and indicates whether the machine is in compliance with the various State and federal regulations.

12.  RELATOR worked for QAS for approximately eight years. She started as an administration aide but worked her way up to office manager.  During her time there, she witnessed many occurrences of fraud to acquire, through the means described herein, Medical monies obtained from Medicare, Medicaid, MediCal, and Tri-Care.

21.  Defendant GLENN RUSSELL DEACON II has, on numerous occasions, created false, fraudulent reports, and submitted them to the California State Government for payment, as well as hospitals and other medical care providers in return for payment, which payment is funded, in part, by the government through  Medicare, Medicaid, MediCal, and Tri-Care.  Defendant GLENN RUSSELL DEACON II creates these false, fraudulent reports by using data obtained from other medical equipment that was previously tested by QAS, and changing the device identifying information and name of the medical institution for which the test is purportedly being performed.

22.  Two reports are attached hereto as Exhibit 1 and Exhibit 2. Exhibit 1 is a report generated from an inspection and test performed on a X-ray machine at the Veterans Administration West Los Angeles Healthcare Center, on or around October 1, 2015.  Exhibit 2 is a fraudulent report generated on the same model X-ray machine at

**FIRST AMENDED COMPLAINT**

Alvarado Hospital on January 15, 2016[1], on which no inspection or test was performed.  The report, with the exception of the medical institution and device identifying information, is identical to the October 1, 2015 report.  It is statistically impossible for two different machines to generate two identical reports.

23.  REALTOR has personal knowledge of Defendant GLENN RUSSELL DEACON II's fraudulent reporting practices.  Defendant GLENN RUSSELL DEACON II has, on numerous occasions, requested from RELATOR reports that had been previously completed for medical equipment, for the purpose of changing the device identifying information and institution name, and submitting to the institution the fraudulent report as if he had inspected and tested that particular piece of equipment, when in fact no inspection or test had been performed.

24.  With respect to the dental x-ray machines owned by California State prisons and hospitals, DEFENDANT GLENN RUSSELL DEACON II has, on numerous occasions, simply invented numbers to input into the reports, rather than perform the test, and then submitted the fraudulent report to the California State Government in return for payment.  On these occasions, and other occasions when inspection and testing was not performed on equipment owned by the California State Government, DEFENDANT GLENN RUSSELL DEACON II has placed "inspection on [date]" stickers on the machines, indicating that the machine had been inspected when it had not.

25.  GLENN RUSSELL DEACON, SUSAN DEACON, and SHELLEY BECKER were aware of GLENN RUSSELL DEACON II's fraudulent practices. RELATOR

---

[1] The "Summary" page signed by Glenn Deacon, Vice President, of this report is dated January 15, 2015.  This is believed to be a typo, as all other dates contained in the report indicate that the report was produced on January 15, 2016.

FIRST AMENDED COMPLAINT

1  made complaints about Defendant GLENN RUSSELL DEACON II's fraudulent

2  practices to GLENN RUSSELL DEACON, SUSAN DEACON, and SHELLEY BECKER,

3  and made complaints that GLENN RUSSELL DEACON II requested on

4  numerous occasions from RELATOR old reports which information could

5  be copied to new reports rather than through inspection and testing.

6  RELATOR was told by GLENN RUSSELL DEACON, SUSAN DEACON, and SHELLEY

7  BECKER to produce those old reports to GLENN RUSSELL DEACON II at

8  his request, despite the fraudulent purpose.

9    26.  RELATOR made another complaint on or about February 8, 2016,

10  to SUSAN DEACON.  Specifically, RELATOR showed SUSAN DEACON one

11  fraudulent report produced by GLENN RUSSELL DEACON II.  RELATOR also

12  showed SUSAN DEACON the original report that was produced using data

13  collected from actual testing of the same model of equipment at

14  another institution, to demonstrate to SUSAN DEACON that the

15  information contained in both reports was identical, and the report

16  produced by GLENN RUSSELL DEACON II was therefore fraudulent.  Two

17  days later, in retaliation, RELATOR was fired.

18                          **COUNT I**
     **SUBSTANTIVE VIOLATIONS OF THE FALSE CLAIMS ACT**
19    **[31 U.S.C. §§ 3729(A)(1), (A)(2), (A)(7) AND 3732(B)]**
     **AGAINST DEFENDANTS QUALITY ASSURANCE SERVICES, INC.; GLENN RUSSELL**
20   **DEACON II; GLENN RUSSELL DEACON; SUSAN DEACON; AND SHELLEY BECKER**

21    27.  RELATOR hereby realleges and incorporates by reference each

22  and every preceding paragraph of this complaint.

23    28.  This is a claim for treble damages and forfeitures under the

24  False Claims Act, 31 U.S.C. §§ 3729-32, as amended.

25    29.  Through the acts described above, DEFENDANTS and their

26  agents and employees, as subcontractors to the United States

27  Government, knowingly presented and caused to be presented to the

28  United States Government and state governments and its agents

**FIRST AMENDED COMPLAINT**

1   participating in the Medicaid program, false and fraudulent claims,

2   records, and statements in order to obtain reimbursement for health

3   care services provided under Medicare, Medicaid, MediCal, and Tri-

4   Care.

5       30.  Through the acts described above and otherwise, DEFENDANTS

6   and their agents and employees,  as subcontractors to the United

7   States Government, knowingly made, used, and/or caused to be made or

8   used false records and statements in order to get such false and

9   fraudulent claims paid and approved by the United States Government.

10      31.  Through the acts described above and otherwise, DEFENDANTS

11   and their agents and employees, as subcontractors to the United

12   States Government, knowingly made, used, and caused to be made or

13   used false records and statements to conceal, avoid, and/or decrease

14   DEFENDANTS' obligation to repay money to the United States

15   Government that DEFENDANTS improperly and/or fraudulently received.

16   DEFENDANTS also failed to disclose to the Government material facts

17   that would have resulted in substantial repayments by them to the

18   federal and state governments.

19      32.  The United States, its fiscal intermediaries and agents, and

20   the state Medicaid programs, unaware of the falsity of the records,

21   statements, and claims made or submitted by DEFENDANTS and their

22   agents and employees paid and continue to pay DEFENDANTS for claims

23   that would not be paid if the truth were known.

24      33.  Plaintiff United States, its fiscal intermediaries and

25   agents, and the state Medicaid/MediCal programs, unaware of the

26   falsity of the records, statements, and claims made or submitted by

27   DEFENDANTS, or of their failure to disclose material facts which

28   would have reduced government obligations, have not recovered

1  Medicare, Medicaid, MediCal, and Tri-Care funds that would have been

2  recovered otherwise.

3      34.  By reason of the DEFENDANTS' false records, statements,

4  claims, and omissions, the United States and the state Medicaid

5  programs have been damaged in the amount of substantial sums in

6  Medicare, Medicaid, and Tri-Care funds.

7      35.  As a result of DEFENDANTS' unlawful acts as alleged herein,

8  RELATOR is entitled to her attorneys' fees as provided by 31 U.S.C.

9  §3730(d)(1) and (2).

10     WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

11                          **COUNT II**
                    **False Claims Act Conspiracy**
12           **[31 U.S.C. § 3729(a)(3) and 3732(b)]**
    **AGAINST DEFENDANTS QUALITY ASSURANCE SERVICES, INC.; GLENN RUSSELL**
13  **DEACON II; GLENN RUSSELL DEACON; SUSAN DEACON; AND SHELLEY BECKER**

14     36.  RELATOR hereby realleges and incorporates by reference each

15  and every preceding paragraph of this complaint.

16     37.  This is a claim for treble damages and for forfeitures under

17  the False Claims Act, 31 U.S.C. §§ 3729 et seq., as amended.

18     38.  Through the acts described above and otherwise, DEFENDANTS

19  entered into a conspiracy or conspiracies among themselves and with

20  others to defraud the United States and state Medicaid/MediCal

21  programs by getting false and fraudulent claims allowed or paid.

22  DEFENDANTS have also conspired to omit disclosing or to actively

23  conceal facts which, if known, would have reduced government

24  obligations to them or resulted in repayments from them to

25  government programs. DEFENDANTS have taken substantial steps in

26  furtherance of those conspiracies, inter alia, by preparing false

27  inspection reports and other records, by allowing the submission of

28  such records to the Government for payment or approval and by

                              10

1   directing their agents, consultants, and personnel not to disclose

2   and/or to conceal DEFENDANTS' fraudulent practices.

3       39.   The United States, its fiscal intermediaries, and state

4   Medicaid/MediCal and Tri-Care programs, unaware of DEFENDANTS'

5   conspiracies or the falsity of the records, statements and claims

6   made by DEFENDANTS and their agents, employees and co-conspirators,

7   and as a result thereof, have paid and continue to pay substantial

8   sums in Medicare, Medicaid, MediCal, and Tri-Care reimbursement that

9   they would not otherwise have paid.

10      40.   By reason of DEFENDANTS' conspiracies and the acts taken in

11  furtherance thereof, the United States and the state Medicare,

12  Medicaid, MediCal, and Tri-Care programs have been damaged in the

13  amount of substantial sums.

14      41.   As a result of DEFENDANTS' unlawful acts as alleged herein,

15  RELATOR is entitled to her attorneys' fees as provided by 31 U.S.C.

16  §3730(d)(1) and (2).

17      WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

18                          **COUNT III**
            **RETALIATION IN VIOLATION OF 31 U.S.C. §3730(h)**
19  **AGAINST DEFENDANTS QUALITY ASSURANCE SERVICES, INC.; GLENN RUSSELL**
    **DEACON II; GLENN RUSSELL DEACON; SUSAN DEACON; AND SHELLEY BECKER**
20

21      42.   PLAINTIFF hereby realleges and incorporates by reference

22  each and every preceding paragraph of this complaint.

23      43.   RELATOR, at all material times, was an employee within the

24  meaning of 31 U.S.C. § 3730(h), which prohibits discharge and/or any

25  other manner of discrimination against an employee because of that

26  employees efforts to stop false claims against the government.

27      44.   DEFENDANTS were, at all material times, employers  within

28  the meaning of 31 U.S.C. § 3730(h), which prohibits discharge and/or

1  any other manner of discrimination against an employee because of

2  that employees efforts to stop false claims against the government.

3      45.  As described above, RELATOR made efforts to stop false

4  claims from being filed against the government and was fired in

5  retaliation.

6      46.  DEFENDANTS, by engaging in the conduct alleged above,

7  intentionally engaged in an act of reprisal, retaliation, and

8  termination and/or similar acts against an employee for having made

9  efforts to stop false claims from being filed against the

10  government.

11      47.  As a result of DEFENDANTS' violations of 31 U.S.C.  §

12  3730(h), RELATOR has suffered, and continues to suffer, substantial

13  losses in earnings, bonuses, deferred compensation and other

14  employment benefits and has suffered, and continues to suffer,

15  embarrassment, humiliation, harm to reputation and mental anguish

16  all to his damage in an amount according to proof.

17      48.  DEFENDANTS committed the acts alleged herein maliciously,

18  fraudulently and/or oppressively, with the wrongful intention of

19  injuring RELATOR, from an improper and evil motive amounting to

20  malice and/or in conscious disregard of RELATOR'S rights.  RELATOR

21  is thus entitled to recover punitive damages from all DEFENDANTS in

22  an amount according to proof, and to the extent permitted by law.

23      49.  As a result of DEFENDANTS' unlawful acts as alleged

24  herein, RELATOR is entitled to her attorneys' fees as provided by 31

25  U.S.C. §3730(d)(1) and (2).

26      WHEREFORE, RELATOR requests relief as hereinafter provided.

27  ///

28  ///

**FIRST AMENDED COMPLAINT**

1

2

3

**COUNT IV**

**CIVIL VIOLATION OF CALIFORNIA LABOR CODE § 1102.5**

**AGAINST DEFENDANTS QUALITY ASSURANCE SERVICES, INC.; GLENN RUSSELL**

**DEACON II; GLENN RUSSELL DEACON; SUSAN DEACON; AND SHELLEY BECKER**

4    50.  RELATOR hereby realleges and incorporates by reference each

5  and every preceding paragraph of this complaint.

6    51.  RELATOR, at all material times, was an employee within the

7  meaning of California Labor Code section 1102.5, which prohibits

8  intentional acts of reprisal, retaliation, threats, coercion, or

9  similar acts against an employee for disclosing conduct of the

10  employer which the employee reasonably believes is illegal.

11    52.  As described above, RELATOR made disclosures protected under

12  California Labor Code section 1102.5 and was fired in retaliation.

13    53.  DEFENDANTS, by engaging in the conduct alleged above,

14  intentionally engaged in acts of reprisal, retaliation, threats,

15  coercion, and termination, and/or similar acts against an employee

16  for having made a protected disclosure.

17    54.  As a result of DEFENDANTS' violations of California Labor

18  Code section 1102.5, RELATOR has suffered, and continues to suffer,

19  substantial losses in earnings, bonuses, deferred compensation and

20  other employment benefits and has suffered, and continues to suffer,

21  embarrassment, humiliation, harm to reputation and mental anguish

22  all to her damage in an amount according to proof.

23    55.  DEFENDANTS committed the acts alleged herein maliciously,

24  fraudulently and/or oppressively, with the wrongful intention of

25  injuring RELATOR, from an improper and evil motive amounting to

26  malice and/or in conscious disregard of RELATOR'S rights.  RELATOR

27  is thus entitled to recover punitive damages from all DEFENDANTS in

28  an amount according to proof, and to the extent permitted by law.

13

1       56.   As a result of DEFENDANTS' unlawful acts as alleged herein,

2   RELATOR is entitled to her attorneys' fees as provided by California

3   Labor Code section 1102.5 and related provisions of law.

4       WHEREFORE, RELATOR requests relief as hereinafter provided.

5   

**COUNT V**
**CIVIL VIOLATION OF CALIFORNIA LABOR CODE § 232.5**
6   **AGAINST DEFENDANTS QUALITY ASSURANCE SERVICES, INC.; GLENN RUSSELL**
**DEACON II; GLENN RUSSELL DEACON; SUSAN DEACON; AND SHELLEY BECKER**
7   

8       57.   PLAINTIFF hereby realleges and incorporates by reference

9   herein each and every preceding paragraph of this complaint.

10       58.   At all times relevant hereto, RELATOR was an employee of

11   DEFENDANTS.

12       59.   Under California Labor Code §232.5, an employee's right to

13   discuss or disclose the terms and conditions of his or her

14   employment without fear of discharge, formal discipline, or to be

15   otherwise discriminated against, is protected. RELATOR's disclosures

16   as discussed above constituted protected disclosures under §232.5.

17       60. DEFENDANTS committed statutory violations of Labor Code

18   §232.5 by engaging in a course of conduct that includes, but is not

19   limited to, RELATOR's retaliatory adverse action and subsequent

20   termination by DEFENDANTS.

21       61.   As a proximate result of DEFENDANTS' violation of Labor Code

22   §232.5, RELATOR has suffered and continues to suffer substantial

23   losses in earnings, and other employment benefits all to RELATOR's

24   damage in an amount according to proof.

25       62.   DEFENDANTS committed the acts alleged herein maliciously,

26   fraudulently and oppressively with the wrongful intention of

27   injuring RELATOR, from an improper and evil motive amounting to

28   malice, and in conscious disregard of RELATOR's rights.   RELATOR is

14

1   thus entitled to recover punitive damages, to the extent available,

2   from all DEFENDANTS in an amount according to proof.

3      WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

### COUNT VI
### A CALIFORNIA TORT CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF NUMEROUS PUBLIC POLICIES
### AGAINST DEFENDANTS QUALITY ASSURANCE SERVICES, INC.; GLENN RUSSELL DEACON II; GLENN RUSSELL DEACON; SUSAN DEACON; AND SHELLEY BECKER

7     63.  PLAINTIFF hereby realleges and incorporates by reference

8   each and every preceding paragraph of this complaint.

9     64.  A fundamental public policy embodied in 31 U.S.C. §3730(h),

10   prohibiting retaliation and discrimination against an employee for

11   that employee's efforts to prevent false claims from being filed

12   against the government.  A fundamental public policy embodied in the

13   State of California is also found in California Labor Code § 1102.5,

14   prohibiting employers from retaliating against employees for

15   reporting violations of law.   A fundamental public policy embodied

16   in the State of California is also found in California Labor Code §

17   232.5,  prohibiting employers from retaliating against employees for

18   disclosing working conditions.

19     65.  DEFENDANTS, individually and through their officers,

20   partners, agents, and/or employees acting within the scope of their

21   employment, adversely treated RELATOR in retaliation for exercising

22   her right to protest obvious violations of the above-referenced

23   fundamental policies. DEFENDANTS' actions were obviously in direct

24   violation of fundamental public policies embodied in the above-

25   referenced statutes.

26     66.  As a proximate result of DEFENDANTS' wrongful acts against

27   RELATOR, RELATOR has suffered and continues to suffer substantial

28   losses in earnings, bonuses, deferred compensation and other

employment benefits.  RELATOR has suffered and continues to suffer embarrassment, humiliation, mental anguish, and harm to her reputation, all to his damage in an amount according to proof.

67.  DEFENDANTS committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring RELATOR, from an improper and evil motive amounting to malice, and in conscious and wanton disregard of RELATOR's rights. RELATOR is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

68.  This lawsuit will have a far-reaching impact, and will provide benefit to a large class of individuals, entities and governmental agencies in the State of California.  This action is designed to further an important public policy right. Thus, RELATOR is entitled to reasonable attorney's fees pursuant to Code of Civil Procedure §1021.5 and other provisions of law.

WHEREFORE, RELATOR requests relief as hereinafter provided.

### PRAYER

WHEREFORE, PLAINTIFF/RELATOR prays for judgment against DEFENDANTS as follows:

1.  That DEFENDANTS cease and desist from violating 31 U.S.C. § 3729 et seq.;

2.  That the Court enter judgment against DEFENDANTS in an amount equal to three times the amount of damages the United States has sustained as a result of DEFENDANTS' actions, as well as a civil penalty against each DEFENDANT of $10,000 for each violation of 31 U.S.C. § 3729;

3.  That PLAINTIFF/RELATOR be awarded the maximum amount allowed pursuant to § 3730(d) of the Federal Civil False Claims Act;

FIRST AMENDED COMPLAINT

4.    That PLAINTIFF/RELATOR be awarded the maximum amount allowed pursuant to 31 U.S.C. 3730(h)(2);

5.    That PLAINTIFF/RELATOR be awarded all costs and expenses of this action, including reasonable attorneys' fees;

6.    For reinstatement of PLAINTIFF to a comparable position in Defendants' organization and all benefits attended thereto that would have been afforded PLAINTIFF but for said discrimination and other unlawful treatment;

7.    That the United States and PLAINTIFF/RELATOR receive all such other relief as the Court deems just and proper.

                              GRADY AND ASSOCIATES

Dated: September 9, 2016     By: _____
                              Dennis M. Grady, Esq.
                              Attorneys for PLAINTIFF/RELATOR
                              ERIN HAYES-LUPO
                              gradyfedonly@msn.com

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF/RELATOR hereby demands trial by jury.

                              GRADY AND ASSOCIATES

Dated: September 9, 2016     By: _____
                              Dennis M. Grady, Esq.
                              Attorneys for PLAINTIFF/RELATOR
                              ERIN HAYES-LUPO
                              gradyfedonly@msn.com

FIRST AMENDED COMPLAINT